**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gerald Wayne TIMMS, Defendant-**
**Appellant.**

**No. 16-4512**

United States Court of Appeals,
Fourth Circuit.

Submitted: April 20, 2017

Decided: April 24, 2017

John Keating Wiles, CHESHIRE PAR-
KER SCHNEIDER & BRYAN, PLLC,
Raleigh, North Carolina, for Appellant.
John Stuart Bruce, United States Attor-
ney, Jennifer P. May-Parker, First Assis-
tant United States Attorney, Donald R.
Pender, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

Before WILKINSON, NIEMEYER,
and KEENAN, Circuit Judges.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Gerald Wayne Timms appeals his con-
viction for possession of contraband in
prison, in violation of 18 U.S.C. § 1791
(2012). Timms contends that his conviction
was improper, because as a civil detainee
under the Adam Walsh Act, 18 U.S.C.
§ 4248 (2012), he was not an "inmate"
under the meaning of § 1791. Timms ar-
gues that "inmates" are held in the custo-
dy of the Bureau of Prisons, while Adam
Walsh detainees are in the custody of the
Attorney General. We affirm.

Section 1791 prohibits an "inmate of a
prison" from possessing a prohibited ob-
ject. 18 U.S.C. § 1791(a)(2). While "in-
mate" is not specifically defined, "prison"
is defined as "a Federal correctional, de-
tention, or penal facility or any prison,
institution, or facility in which persons are
held in custody by direction of or pursuant
to a contract or agreement with the Attor-
ney General." 18 U.S.C. § 1791(d)(4).
Adam Walsh Act detainees are committed
to the custody of the Attorney General. 18
U.S.C. § 4248(d). Thus, we find that
Timms is an inmate under the meaning of
§ 1791. *See* 28 C.F.R. § 500.1(c) (including
"detainees" and other "persons held" in
the definition of "inmate" in Bureau of
Prisons regulation); *see also United States
v. Savage*, 737 F.3d 304, 309 (4th Cir. 2013)
(noting that, "for purposes of § 4248, there
is no substantive difference between vest-
ing legal custody in the Attorney General
and legal custody in the [Bureau of Pris-
ons]").

Accordingly, we affirm Timms' convic-
tion. We dispense with oral argument be-
cause the facts and legal contentions are
adequately presented in the materials be-
fore this court and argument would not aid
the decisional process.

*AFFIRMED*